UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
MELVIN LOGAN,                 )
                              )
        Petitioner,           )
                              )
    v.                        )    Case No. 05-1279
                              )
RICK VEACH, WARDEN,           )
                              )
        Respondent.           )
```

# **O R D E R**

Before the Court is Melvin Logan's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By A Person in Federal Custody" [Doc. # 1]. In this petition, Logan challenges his 1999 conviction and sentence and the forfeiture of certain property associated with that conviction.

Normally a person in custody by reason of a federal conviction may challenge his conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255. This remedy normally supersedes the writ of habeas corpus:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. <u>Valona v. United States</u>, 138 F.3d 693, 694 (7th Cir. 1998); <u>Atehortua v. Kindt</u>, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be

brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective."

Logan has previously been denied relief from his conviction and sentence under section 2255. See Logan v. United States, No. 02-3245 (April 7, 2003 C.D. Ill.) (unpublished order). Thus, he must obtain authorization from the Seventh Circuit before filing another challenge under section 2255. See 28 U.S.C. § 2255. Moreover, the fact that a claim does not meet the criteria permitting it to be presented in a second or successive petition does not render section 2255 inadequate or ineffective so as to allow the claim to be presented in a section 2241 petition. In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998). Logan has not presented any other reason relief under section 2255 would be inadequate or ineffective. Thus, his petition is not properly before this court and is therefore denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Melvin Logan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By A Person in Federal Custody [Doc. # 1] is DENIED.

CASE TERMINATED.

Entered this ___29th___ day of September, 2005.

                                         s/ Joe B. McDade
                                        JOE BILLY McDADE
                                   United States District Judge